No. 13-31302

_____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

IN RE:  DEEPWATER HORIZON

_____

On Appeal from the United States District Court
for the Eastern District of Louisiana
MDL No. 2179, Civ. A. Nos. 12-970 & 13-492

_____

## OPPOSITION TO MOTION TO DISMISS APPEAL

_____

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Wendy L. Bloom
Andrew B. Bloomer, P.C.
R. Chris Heck
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL  60654
(312) 862-2000

Jeffrey Bossert Clark
Steven A. Myers
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C.  20005
(202) 879-5000

Theodore B. Olson
   *Counsel of Record*
Miguel A. Estrada
Thomas G. Hungar
Scott P. Martin
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 955-8500

George H. Brown
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304
(650) 849-5339

*Counsel for BP Exploration & Production Inc.,*
*BP America Production Company, and BP p.l.c.*
[*additional counsel listed on next page*]

Daniel A. Cantor
Andrew T. Karron
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C.  20004
(202) 942-5000

Jeffrey Lennard
DENTONS LLP
233 South Wacker Drive
Suite 7800
Chicago, IL  60606
(312) 876-8000

S. Gene Fendler
Don K. Haycraft
R. Keith Jarrett
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, LA  70139
(504) 581-7979

Kevin M. Downey
F. Lane Heard III
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
(202) 434-5000

# CERTIFICATE OF INTERESTED PERSONS

## No. 13-31302

---

## IN RE:  DEEPWATER HORIZON

---

The undersigned counsel of record certifies that the following interested persons and entities described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case.  These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

## A.    Plaintiffs–Appellees

This action (the *"Bon Secour"* action) is brought by fifteen class representatives:  Lake Eugenie Land & Development, Inc.; Bon Secour Fisheries, Inc.; Fort Morgan Realty, Inc.; LFBP #1, LLC d/b/a GW Fins; Panama City Beach Dolphin Tours & More, LLC; Zeke's Charter Fleet, LLC; William Sellers; Kathleen Irwin; Ronald Lundy; Corliss Gallo; John Tesvich; Michael Guidry; Henry Hutto; Brad Friloux; and Jerry J. Kee.

The class representatives represent the Economic and Property Damages Class that the district court certified, for settlement purposes

only, on December 21, 2012.  *See* D.E. 8138.  The absent class members together comprise a "large group of persons [who] can be specified by a generic description, [such that] individual listing is not necessary."  5th Cir. R. 28.2.1.

## B.    Attorneys for Plaintiffs–Appellees

Stephen Jay Herman
Soren E. Gisleson
HERMAN HERMAN & KATZ LLP
820 O'Keefe Avenue
New Orleans, LA  70113

James Parkerson Roy
DOMENGEAUX, WRIGHT, ROY & EDWARDS
Suite 500
556 Jefferson Street
Lafayette, LA  70501

Elizabeth Joan Cabraser
LIEFF, CABRASER, HEIMANN & BERNSTEIN
29th Floor
275 Battery Street
San Francisco, CA  94111

Samuel Issacharoff
NEW YORK UNIVERSITY SCHOOL OF LAW
40 Washington Square, S., Suite 411J
New York, NY  10012

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC  29464
(843) 216-9159

Conrad S.P. "Duke" Williams
WILLIAMS LAW GROUP
435 Corporate Drive, Suite 101
Maison Grand Caillou
Houma, LA  70360
(985) 876-7595

Brian H. Barr
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
   ECHSNER & PROCTOR, PA
316 South Baylen St., Suite 600
Pensacola, FL  32502-5996
(850) 435-7045

Robin L. Greenwald
WEITZ & LUXENBERG, PC
700 Broadway
New York, NY  10003
(212) 558-5802

Jeffrey A. Breit
BREIT DRESCHER IMPREVENTO & WALKER, P.C.
999 Waterside Drive, Suite 1000
Norfolk, VA  23510
(757) 670-3888

Rhon E. Jones
BEASLEY, ALLEN, CROW, METHVIN,
   PORTIS & MILES, P. C.
218 Commerce St., P.O. Box 4160
Montgomery, AL  36104
(334) 269-2343

Matthew E. Lundy
LUNDY, LUNDY, SOILEAU & SOUTH, LLP
501 Broad Street
Lake Charles, LA  70601
(337) 439-0707

Philip F. Cossich, Jr.
COSSICH, SUMICH, PARSIOLA & TAYLOR
8397 Highway 23, Suite 100
Belle Chasse, LA  70037
(504) 394-9000

Michael C. Palmintier
DEGRAVELLES, PALMINTIER, HOLTHAUS & FRUGÉ
618 Main Street
Baton Rouge, LA  70801-1910
(225) 344-3735

Robert T. Cunningham
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P.O. Box 66705
Mobile, AL  36660
(251) 471-6191

Paul M. Sterbcow
LEWIS, KULLMAN, STERBCOW & ABRAMSON
601 Poydras Street, Suite 2615
New Orleans, LA  70130
(504) 588-1500

Alphonso Michael "Mike" Espy
MORGAN & MORGAN, P.A.
188 East Capitol Street, Suite 777
Jackson, MS  39201
(601) 949-3388

Scott Summy
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX  75219
(214) 521-3605

Calvin C. Fayard, Jr.
FAYARD & HONEYCUTT
519 Florida Avenue, SW
Denham Springs, LA  70726
(225) 664-4193

Ervin A. Gonzalez
COLSON HICKS EIDSON
255 Alhambra Circle, Penthouse
Coral Gables, FL  33134
(305) 476-7400

Mikal C. Watts[1]
WATTS GUERRA CRAFT, LLP
Four Dominion Drive, Building 3, Suite 100
San Antonio, TX  78257
(210) 447-0500

James B. Irwin, V
Douglas J. Moore
IRWIN FRITCHIE URQUHART & MOORE, LLC
400 Poydras St.
Suite 2700
New Orleans,  LA 70130
504-310-2100
jirwin@irwinllc.com

---

[1] Mr. Watts has resigned as counsel for Plaintiffs–Appellees.  In the interest of completeness, however, his prior involvement has been noted here exclusively for purposes of evaluating possible disqualification or recusal.

**C.** **Defendants–Appellees**

> BP Exploration & Production Inc.
> BP America Production Company
> BP p.l.c.

**D.** **Attorneys for Defendants–Appellees**

> Theodore B. Olson
> Miguel A. Estrada
> Thomas G. Hungar
> Scott P. Martin
> GIBSON, DUNN & CRUTCHER LLP
> 1050 Connecticut Avenue, N.W.
> Washington, D.C.  20036
>
> George H. Brown
> GIBSON, DUNN & CRUTCHER LLP
> 1881 Page Mill Road
> Palo Alto, CA  94304
>
> Richard C. Godfrey, P.C.
> J. Andrew Langan, P.C.
> Wendy L. Bloom
> Andrew B. Bloomer, P.C.
> R. Chris Heck
> KIRKLAND & ELLIS LLP
> 300 North LaSalle Street
> Chicago, IL  60654
>
> Jeffrey Bossert Clark
> Steven A. Myers
> KIRKLAND & ELLIS LLP
> 655 Fifteenth Street, N.W.
> Washington, D.C.  20005

S. Gene Fendler
Don K. Haycraft
R. Keith Jarrett
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, LA  70139

Robert C. "Mike" Brock
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C.  20004

Daniel A. Cantor
Andrew T. Karron
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C.  20004

Jeffrey Lennard
Keith Moskowitz
DENTONS LLP
233 South Wacker Drive
Suite 7800
Chicago, IL  60606

James J. Neath
Mark Holstein
BP AMERICA INC.
501 Westlake Park Boulevard
Houston, TX  77079

## E.    Claimant-Appellee

The identity of the claimant-appellee is sealed, but is available to the Court in the sealed notice of appeal at MDL 2179 Docket Entry 11982-1.

**F.    Counsel for Claimant-Appellee**

Gerald E. Meunier
Michael Joseph Ecuyer
Matthew Palmer Lambert
GAINSBURGH, BENJAMIN, DAVID,
  MEUNIER & WARSHAUER, LLC
Suite 2800
1100 Poydras Street, Energy Centre
New Orleans, LA  70163-2800

  /s/ Theodore B. Olson
Theodore B. Olson
*Attorney of Record for BP Exploration*
*& Production Inc., BP America*
*Production Company, and BP p.l.c.*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................... 1

BACKGROUND ........................................................................ 1

REASONS FOR DENYING THE MOTION TO DISMISS ..................... 6

    I.     BP's Notice Of Appeal Was Timely. ...................................... 6

    II.    BP Did Not Impliedly Waive Its Right To Appeal From The District Court's Rulings.................................................. 6

    III.   This Court Has Jurisdiction Over This Appeal. .................. 14

    IV.   BP's Appeal Accords With The Settlement Agreement. ..... 16

CONCLUSION ...................................................................... 19

## INTRODUCTION

This appeal arises from the district court's order denying BP's request for judicial review of an award issued to the sealed appellee ("Claimant") by the *Deepwater Horizon* Court-Supervised Settlement Program ("CSSP"). Claimant moves to dismiss the appeal, asserting that it is untimely, that BP "impliedly waived" its right to appeal to this Court, that this Court lacks jurisdiction over the appeal, and that BP's notice of appeal conflicts with the *Deepwater Horizon* settlement agreement. *See* Motion to Dismiss ("Mot.") at 4-9.

Claimant's arguments are meritless. Under the plain and unambiguous language of the Federal Rules of Appellate Procedure, BP's notice of appeal was timely filed within 30 days of entry of the order appealed from. Claimant's "implied waiver" argument is foreclosed by unanimous precedent holding that appellate rights cannot be impliedly waived by mere silence in a settlement agreement. This Court plainly has jurisdiction, moreover, to review the district court's order denying review of this award to Claimant—as a reviewable collateral order, a final judgment, and an interlocutory maritime decree. Nothing in the settlement agreement supports Claimant's position that BP is not entitled to appeal here. The motion should be denied.

## BACKGROUND

This appeal arises from the settlement agreement between BP and a class including thousands of businesses and individuals in the re-

gion surrounding the Gulf of Mexico. *See* MDL 2179 Docket Entry ("D.E.") 6430-1 ("Agreement"). The settlement agreement establishes a claims process using a business economic loss ("BEL") framework, which is designed to measure the amount (if any) of lost profits sustained by a business claimant as a result of the *Deepwater Horizon* oil spill in April 2010. *See id.* § 5.3.2; *id.* Ex. 4C. Whether an eligible entity can recover under the BEL framework depends in part on its revenue during certain periods before and after the spill. *See id.* Ex. 4B.

In reviewing claims submitted by non-profit entities, the Claims Administrator has treated charitable grants and contributions to non-profit entities as if they were "revenue" under the settlement agreement for purposes of the BEL framework, even though that interpretation drastically departs from the plain terms of the agreement. Exhibit 4B of the settlement agreement, for example, requires proof of a decline in "*business* revenue," Agreement Ex. 4B at 1, 2, but charitable donations by definition have nothing to do with "business" activities. Similarly, Exhibit 4C of the agreement uses "revenue" and "expenses" to calculate "the *profit* that the claimant might have expected to *earn*" absent the spill, Agreement Ex. 4C at 1—but *non*-profit entities by definition do not "earn" "profit[s]" from their receipt of voluntary charitable contributions. Notwithstanding the plain language of the agreement, which does not authorize treating grants and contributions as "revenue," how-

ever, the Claims Administrator has awarded large sums to numerous non-profit-entity claimants based on this misinterpretation.

This appeal involves one such unjustified award to Claimant, a non-profit entity located in Louisiana. To qualify for an award of lost profits, Claimant needed to satisfy the settlement agreement's threshold eligibility requirements (including the causal-nexus requirement for class membership, among other things) and then pass at least one of five revenue-related tests set forth in Exhibit 4B of the settlement agreement. *See* Agreement Ex. 4B at 1-5. In concluding that Claimant satisfied one of those tests, the Claims Administrator treated charitable contributions received by Claimant as if they were "revenue" within the meaning of the settlement agreement. In addition, the Claims Administrator allowed Claimant to "monetize" *volunteer time* that had been contributed to Claimant by assigning it an hourly rate, *and then treated the monetized value of that volunteer time as if it were "revenue" also*. The Claims Administrator's erroneous treatment of donated volunteer time as "revenue" transformed a claim that does not satisfy the revenue-based tests of Exhibit 4B into one that purportedly does.

BP appealed the award to the CSSP's Appeal Panel, which summarily rejected BP's arguments. BP then sought judicial review of the Appeal Panel's decision under a provision of the settlement agreement providing that the court "maintains the discretionary right to review any Appeal determination to consider whether the determination was in

compliance with the Agreement." Agreement § 6.6. On September 4, 2013, the Settlement Program's Appeals Coordinator notified BP that the district court had denied BP's request for judicial review, and posted the notice of denial on an internal CSSP website. *See* Notice of Appeal at 4, Doc. 00512481702. BP then appealed that award—and two similarly flawed district court orders denying review of awards to non-profit entities—to this Court. *See* Nos. 13-31296, 13-31299, and 13-31302 (the "Non-Profit Appeals").

Those Non-Profit Appeals faced complications, however, by virtue of a May 20, 2013 district court order issuing rules to govern requests for judicial review of Appeal Panel decisions. *See* D.E. 10185 ("May 20 Order"). The May 20 Order bars BP from seeking judicial review of certain awards, and prevents requests for judicial review and supporting record materials from being entered on the district court docket. *See* D.E. 10185; D.E. 10185-1 (Rules 13, 16, and 19). Thus the cumulative effect of the May 20 Order—to which BP objected below—is to raise obstacles to BP's right of appellate review, by preventing BP from filing on the district court docket the documents necessary to create an adequate record on appeal. Indeed, even the district court's denial of judicial review here was not entered on the docket when issued, so BP was obligated to submit that order as an attachment to its notice of appeal so that it would be entered on the district court docket and be subject to appellate review. *See* D.E. 11982; *see also In re Am. Precision Vibrator*

*Co.*, 863 F.2d 428, 429 (5th Cir. 1989) (stating that a docketed order is a prerequisite to appeal).

BP is challenging the May 20 Order in No. 13-30843. The threshold procedural issues presented in that appeal are in significant respects the same as those presented in this appeal and in the other two Non-Profit Appeals: they all involve BP's right to appellate review of district court rulings on requests for judicial review. This Court has already aligned the briefing and oral argument schedules in these four appeals and ruled that the appeals will be assigned to the same merits panel. *See* Order at 2, Doc. 00512500655 (No. 13-30843) (Jan. 15, 2014). The Court will therefore, in due course, be able to decide between the two possible avenues by which BP may obtain appellate review of district court rulings on requests for judicial review—namely, the Court may decide either to (1) allow appeals from individual denials of requests for judicial review to proceed in the manner requested in the Non-Profit Appeals, or (2) order the district court to docket requests for judicial review of Appeal Panel decisions, including supporting record materials, as well as its orders denying requests for judicial review and orders resolving such requests on the merits, thereby permitting appeals to proceed in the ordinary course.

## REASONS FOR DENYING THE MOTION TO DISMISS

Claimant sets forth several arguments for dismissing the appeal. None has merit.

## I.     BP's Notice Of Appeal Was Timely.

Claimant first contends that BP's notice of appeal was untimely because BP did not file it until more than 30 days after the district court's denial of judicial review.  *See* Mot. 4 (citing Fed. R. App. P. 4(a)(1)(A)).

Claimant's argument is refuted by the plain language of the Federal Rules.  Federal Rule of Appellate Procedure 4(a)(1) requires that a notice of appeal be filed "within 30 days after *entry* of the judgment or order appealed from."  Fed. R. App. P. 4(a)(1)(A) (emphasis added).  Under Rule 4(a)(7), "entry" occurs only "when the judgment or order is entered on the civil docket."  Fed R. App. P. 4(a)(7)(A)(i); *see also Am. Precision Vibrator*, 863 F.2d at 429.  Although the order at issue here (the district court's denial of review) was *issued* on September 4, 2013, it was not "*entered* on the civil docket" until December 16, 2013.  *See* D.E. 11982, at 4.  Because the denial order was not "entered" until the day BP filed its notice of appeal, BP's appeal was timely.

## II.     BP Did Not Impliedly Waive Its Right To Appeal From The District Court's Rulings.

Claimant next contends that BP "impliedly waived" its right to appeal to this Court because the settlement agreement does not ex-

pressly provide for that right. Mot. 4-6; *see also id.* at 6 ("[H]ad the parties to the [settlement agreement] wished to confer review power in the federal appellate system, they would have done so expressly.").

This Court's case-law forecloses Claimant's argument that BP "impliedly waived" its right to appeal to this Court. Indeed, this Court has already held that the parties "clearly intended" that the settlement agreement should be interpreted in a way "that retained their right to appeal to this court." *In re Deepwater Horizon*, 732 F.3d 326, 332 n.3 (5th Cir. 2013).

That holding is consistent with long-standing precedent. Waiver of a known right requires proof of an "'intentional relinquishment or abandonment of'" that right, and cannot be inferred from silence or by implication. *United States* v. *Knowles*, 29 F.3d 947, 951 n.2 (5th Cir. 1994) (quoting *Johnson* v. *Zerbst,* 304 U.S. 458, 464 (1938)); *see also Harris* v. *Dallas Indep. Sch. Dist.*, 435 F. App'x 389, 396 (5th Cir. 2011); *Wells Fargo Bus. Credit* v. *Ben Kozloff, Inc.*, 695 F.2d 940, 947 (5th Cir. 1983). A waiver "occurs by an affirmative choice . . . to forego any remedy available . . . presumably for real or perceived benefits." *United States* v. *Dodson,* 288 F.3d 153, 160 (5th Cir. 2002). This rule applies to waivers of appellate rights in settlement agreements. *See* 15A Charles Alan Wright, *et al.*, Federal Practice & Procedure § 3901 ("The most likely occasion for waiver [of appellate rights] arises from a settlement agreement that calls for resolution of some disputed matter by the dis-

7

trict court, coupled with an *explicit agreement* that the district court decision shall be final and that all rights of appeal are waived." (emphasis added)).

The normal presumptions in favor of appellate rights apply here. The settlement agreement contains no language, let alone clear and unequivocal language, waiving BP's right to appeal. To the contrary, both BP and plaintiffs have consistently maintained that the supervision of Article III courts is central to the bargain struck in the settlement agreement. BP has explained that the settlement agreement's "first principle" is that it is "Court-supervised, so if mistakes [are] made, the Court [will be] in a position to review it immediately, step in, correct it, [and] make it right." D.E. 6395, at 58. At a hearing on the settlement agreement's fairness, BP reiterated that both the district court and "*the court system of the United States of America* [would be] in direct supervision of [its] every aspect." D.E. 7892, at 22 (emphasis added). Plaintiffs similarly explained that the settlement agreement was superior to the prior claims-processing regime "because it is judicially supervised." D.E. 7945, at 206. Thus, this Court was clearly correct to conclude that the parties to this settlement agreement "retained their right to appeal to this court." *Deepwater Horizon*, 732 F.3d at 332 n.3.

That BP has not waived its right to appeal is further demonstrated by the drafting history of the rules governing requests for judicial review, as adopted in the May 20 Order. On April 29, 2013, the Claims

Administrator circulated to the parties, for comment, a set of draft rules governing judicial review. The draft contained a "Rule 28" titled "No Further Review," which provided that "[d]ecisions of the Court acting pursuant to these rules, whether the decision is one electing not to conduct a discretionary review, or one deciding the merits of the appeal, shall be final. No party is afforded any further review under the terms of the Settlement Agreement." *See* D.E. 10415-2, at 18 (BP's Markup of Draft Rules) (listed in the markup as "Rule 29").

BP promptly responded by explaining in detail that the settlement agreement "provides no limitation on BP's appellate rights" and that BP "is entitled to appeal from District Court orders entered under [the judicial-review provision of the agreement] to the same extent that it may appeal from any other order entered by the District Court." D.E. 10415-2, at 1; *see also id.* at 1-3, 8-9. In response, the district court then *omitted* draft Rule 28 from the final rules adopted in the May 20 Order. *See* D.E. 10185-1, at 4. Those rules (unlike the Claims Administrator's draft rules) contain no suggestion that the parties waived their right to appellate review, further confirming that no such waiver occurred.

Moreover, the courts of appeals that have addressed this issue in the specific context of court-supervised settlements have held that parties to a settlement agreement do not waive their appellate rights by establishing a court-supervised claims-administration program. To the contrary, any waiver must be clear and unequivocal. In *Montez* v. *Hick-*

*enlooper*, for example, the Tenth Circuit rejected an argument that "no appeals [could] be taken from the district court's review of [a] special master's resolution of individual damage claims" simply because the "consent decree" establishing the claims-administration process "did not expressly authorize appeals." 640 F.3d 1126, 1131 (10th Cir. 2011). As the court held, "when a consent decree does not [itself] resolve claims, . . . the parties may appeal the district court's final resolution of such claims . . . unless the consent decree contains a clear and unequivocal waiver of the right to appellate review." *Id.* at 1132; *see also MACTEC, Inc.* v. *Gorelick*, 427 F.3d 821, 830 (10th Cir. 2005) (holding that limitations on right to appeal district court decisions reviewing arbitration decisions will be valid only if "the intent to [limit appellate rights] is clear and unequivocal").

*Montez* accords with the Second Circuit's decision in *United States* v. *International Brotherhood of Teamsters*, 905 F.2d 610 (2d Cir. 1990). *International Brotherhood* addressed a consent decree that established a mechanism for resolving claims. *Id.* at 615. Under that mechanism, an independent administrator resolved disciplinary labor cases and his decisions were "final and binding, subject to the [District] Court's review." *Id.* Although the agreement provided that the district court would "have exclusive jurisdiction to decide any and all issues relating to the Administrator's actions or authority," the Second Circuit concluded that it had jurisdiction over appeals from the district court's resolu-

tion of individual claims. *Id.* As that court explained, the agreement's provision for "exclusive jurisdiction" in the district court did not vitiate appellate rights because it "does not unambiguously exclude appellate review." *Id.*; *compare id. with Brown* v. *Gillette Co.*, 723 F.2d 192, 192 (1st Cir. 1983) (per curiam) (finding a waiver of appellate rights where the parties agreed that "the determination of the [district] Court shall be final and binding" and expressly "waive[d] any and all rights of appeal with respect to such determinations").

This case is indistinguishable from *Montez* and *International Brotherhood*. Like the settlements in those cases, the settlement agreement here did not conclude the litigation, but rather established a mechanism for resolving claims.[2] And like the appellants in *Montez* and *International Brotherhood*, BP never agreed to insulate the district court's decisions resulting from this agreed-upon dispute resolution mechanism from appellate review.

---

[2] Though *Montez* and *International Brotherhood* were decided in the context of consent decrees, their holdings apply fully to settlement agreements. *See Walker* v. *Dep't of Hous. & Urban Dev.*, 912 F.2d 819, 825 (5th Cir. 1990) ("Consent decrees share sufficient attributes with contracts to be enforced as such."); *White Farm Equip. Co.* v. *Kupcho*, 792 F.2d 526, 529 (5th Cir. 1986) ("A settlement agreement is a contract, but when incorporated into a judgment, becomes a court decree."). In any event, the agreement at issue here was incorporated into the court's final approval order. D.E. 8139 ¶¶ 1, 17.

As these cases make clear, it does not matter whether the settlement agreement expressly preserves BP's appellate rights; absent an unequivocal *relinquishment* of the right to appellate review, that right is preserved. Nor does it matter that the settlement agreement provides that an Appeal Panel decision is "final." Agreement § 6.2; *see* Mot. 5. The word "final" obviously does not mean "unappealable" because—as Claimant admits, *see* Mot. 5—the agreement expressly authorizes district court review of Appeal Panel decisions. That word simply does not waive any right to appeal. *See, e.g., Int'l Bhd. of Teamsters*, 905 F.2d at 615 (fact that administrator's rulings were "final and binding, subject to the [District] Court's review," did not waive appellate review).

Nor does the discretionary nature of the district court's decision to review an Appeal Panel decision (*see* Mot. 5) undermine BP's right to appeal. The Supreme Court has made clear that denials of discretionary review can be addressed on the merits by appellate courts. *See Standard Fire Ins. Co.* v. *Knowles*, 133 S. Ct. 1345, 1348 (2013) (addressing the merits of a dispute after the court of appeals declined to accept a discretionary appeal under the Class Action Fairness Act); *see also Hohn* v. *United States*, 524 U.S. 236, 246 (1998) ("We [have] held [that a] request for leave [to file a petition for a writ of habeas corpus] constituted a case in the district court over which the court of appeals could assert jurisdiction, even though the district court had denied the request."); *Wilton* v. *Seven Falls Co.*, 515 U.S. 277, 289-90 (1995) (indi-

cating that appellate review of discretionary decisions not to entertain suit for declaratory relief is for abuse of discretion).

Relying on *Hill* v. *Schilling*, 495 F. App'x 480, 487 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 2859 (2013), Claimant contends that BP's appeal is barred and should be dismissed.  Mot. 4-5.  But *Hill* simply confirms BP's point.  *Hill* held that a party was barred from appealing when he "acknowledge[d]" that he had "waived . . . his right of appeal to this Court" in an agreement providing for resolution of a fee dispute, *id.* at 487 (omission in original), and the agreement provided that the magistrate judge's ruling "can be appealed only to [the district judge]," and that "the Parties *agree to waive all other rights to appeal* on any grounds, . . . *including but not limited to an appeal to the United States Court of Appeals for the Fifth Circuit* and/or the United States Supreme Court."  495 F. App'x at 487 (emphases added).  In keeping with the "plain language of the agreement," *id.*, this Court dismissed the appeal, *id.* at 488.

The settlement agreement here contains no remotely comparable language.  Rather, as this Court has held, the parties clearly intended to "retai[n] their right to appeal to this court." *Deepwater Horizon*, 732 F.3d at 332 n.3.  In keeping with that intention and with case-law from this and other Circuits, this Court should reject Claimant's suggestion of waiver.

## III.  This Court Has Jurisdiction Over This Appeal.

Claimant next makes a variety of further arguments to the effect that this Court lacks jurisdiction over this appeal.  *See* Mot. 6-7.  None of these arguments has merit.

*First*, Claimant contends that denial of judicial review of an award issued under a purportedly "private" settlement is "not a 'judgment' or 'order' 'in a civil case'" and is therefore not appealable.  Mot. 6 (quoting Fed. R. App. P. 4(A)(1)(A)).  Claimant cites no authority for this argument, and it is directly refuted by the precedents discussed in Part II above.  A denial of judicial review is a ruling *by the district court* pursuant to its continuing jurisdiction over the settlement.  *See* Agreement § 18.1.  Claimant makes no effort to explain how that ruling, which (absent appellate review) definitively resolves a claim, could be anything other than a judicial "judgment" or "order."

The fact that the district court's denial was issued in accordance with a settlement agreement does not affect its status as an appealable order.  The settlement agreement required court approval under Rule 23, has been incorporated into a judicial decree (*see* D.E. 8139 ¶¶ 1, 17), and establishes a court-supervised dispute resolution mechanism; it is hardly a mere "arms-length" framework involving only "private parties."  Mot. 6.  And as explained above, the law is clear that federal courts of appeals "have the authority to review claims decided pursuant to a dispute-resolution mechanism established in a consent decree, so

long as that decree does not contain a clear and unequivocal waiver of appellate rights." *Montez*, 640 F.3d at 1132. As explained, BP effected no such waiver here. *See supra* Part II.

Because BP effected no waiver, the district court's denial order is an appealable collateral order under *In re Deepwater Horizon*, 732 F.3d at 332 n.3. It is also appealable as a final decision under 28 U.S.C. § 1291 and as an "[i]nterlocutory decre[e] . . . determining the rights and liabilities of the parties to [an] admiralty cas[e] in which appeals from final decrees are allowed" under 28 U.S.C. § 1292(a)(3).

*Second*, Claimant contends that this appeal is improper because "BP seeks review of an individual claimant award, which has been paid after being fully reviewed through the settlement's appeal framework" rather than "review of bellwether trial court judgments, which would properly be reviewable by this Court." Mot. 7. Claimant cites nothing in the law or in the settlement agreement that would support review of "bellwether trial court judgments" but not of individual awards. Indeed, if Claimant's argument about individual awards were sound, then the settlement agreement would bar Fifth Circuit review of *all* orders relating to the Settlement Program because the settlement agreement does not explicitly reference Fifth Circuit review. But this Court has foreclosed that argument. *See Deepwater Horizon*, 732 F.3d at 332 n.3.

*Third*, Claimant suggests that "absurd consequences would result" if BP is permitted to appeal selected claimant awards to this Court.

Mot. 7 n.3. Claimant again cites no authority for its view, and there is no basis to its suggestion that "absurd consequences" would follow if BP is able to appeal from a small number of awards. BP has filed the three Non-Profit Appeals because they raise intertwined, important questions about the proper treatment of claims submitted by non-profit entities. Once this Court has resolved those questions in these appeals, further appellate review of those issues will be unnecessary, as this Court's rulings will govern and guide the processing of potentially hundreds of additional claims.

Indeed, the CSSP's website indicates that thus far the district court has specifically denied 30 BP requests for judicial review, and the court's May 20 Order has operated to deny review of hundreds more such requests by precluding BP from seeking review, yet BP has appealed from only three such denials. There is nothing "absurd" about BP bringing a small number of appeals to resolve important, far-reaching issues under the settlement in an efficient manner.

## IV.   BP's Appeal Accords With The Settlement Agreement.

Finally, Claimant makes various arguments that BP's notice of appeal conflicts with the express terms of the settlement agreement. *See* Mot. 7-9. These arguments are also unavailing.

*First*, Claimant contends that, in the text of the settlement agreement, the parties expressed their intent "to grant the district court the final say in" the CSSP's appeals process. Mot. 9; *see also id.* at 8-9.[3] Claimant emphasizes that the settlement provides that the parties "submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of or relating to this Agreement." Agreement § 18.1. But district courts have "exclusive" jurisdiction over a wide array of matters, *see, e.g.*, 28 U.S.C. §§ 1334(a) & (e) (bankruptcy cases and estates), 1346(b)(1) (Federal Tort Claims Act cases), 1346(f) (federal quiet title actions), yet that exclusive jurisdiction has never been understood to deprive the federal courts of appeals of appellate jurisdiction over the appeals arising out of such matters. And this Court has already held that the parties "retained their right to appeal to [the Fifth Circuit]" in the settlement agreement. *Deepwater Horizon*, 732 F.3d at 332 n.3. That is clearly correct: As the Second Circuit has concluded, providing for "exclusive jurisdiction" in the district court does not vitiate appellate rights because it "does not unam-

---

[3] In making this argument, Claimant contends that Louisiana law governs the construction and enforcement of the settlement agreement. *See* Mot. 8. That is incorrect: the settlement agreement provides that it "shall be interpreted in accordance with General Maritime Law as well as in a manner intended to comply with [the Oil Pollution Act of 1990]." Agreement § 36.1.

biguously exclude appellate review." *Int'l Bhd. of Teamsters*, 905 F.3d at 615; *see also Montez*, 640 F.3d at 1131-32. So too here.

*Second*, Claimant contends that, if BP is deemed to have a right to appeal under the settlement agreement, BP would be able to appeal "literally thousands of claimant awards" to this Court, causing a flood of cases in this Court and undermining the settlement agreement. Mot. 9. This argument is baseless. BP does not seek to appeal thousands of awards, nor would any economically rational actor willingly subject itself to such costs unnecessarily. Indeed, far from inundating this Court with "thousands" of appeals, BP has sought to maximize judicial efficiency and minimize the burden on this Court by bringing the handful of appeals at issue here in an attempt to obtain final appellate resolution of interrelated legal issues that will then govern the disposition of large numbers of claims, *precisely to avoid* the need for many duplicative appeals. *See supra* Part III.

Nor is there any merit to Claimant's suggestion that "BP has alternative means of challenging the district court's interpretation of how non-profit claims should be handled" under the settlement, "which it is pursuing before this Court in No. 13-30843." Mot. 9; *see also id.* at 7-8. Claimant is mistaken: No. 13-30843 is an appeal from the district court's May 20 Order, which creates potential obstacles to BP's right to appeal and improperly bars judicial review of certain categories of awards (including some non-profit-entity awards), but it does not pre-

18

sent the underlying substantive questions at issue in the three Non-Profit Appeals regarding the proper interpretation and calculation of "revenue" for non-profit entities.

Claimant also misunderstands the relationship between the Non-Profit Appeals and No. 13-30843. As confirmed by this Court's order directing that these four appeals will be considered together, the threshold procedural issues presented in the four appeals are in significant respects the same: they involve the nature of BP's right to appellate review of district court rulings regarding requests for judicial review. Thus, the appeals complement each other by allowing this Court to consider alternative ways by which BP may vindicate its right to appeal—namely: (1) by appealing from individual denials of requests for judicial review in the manner requested in the Non-Profit Appeals; or (2) by obtaining appellate reversal of the May 20 Order so that the district court will permit the docketing of requests for judicial review of Appeal Panel decisions, including supporting record materials, as well as its orders regarding such requests, as requested in No. 13-30843. The Court would be deprived of one of those options if, as Claimant asks, it dismisses this appeal and considers only No. 13-30843.

## CONCLUSION

For the foregoing reasons, this Court should deny Claimant's motion to dismiss BP's appeal.

January 21, 2014                    Respectfully submitted,


Richard C. Godfrey, P.C.              /s/ Theodore B. Olson
J. Andrew Langan, P.C.              Theodore B. Olson
Wendy L. Bloom                        *Counsel of Record*
Andrew B. Bloomer, P.C.            Miguel A. Estrada
R. Chris Heck                       Thomas G. Hungar
KIRKLAND & ELLIS LLP                Scott P. Martin
300 North LaSalle Street            GIBSON, DUNN & CRUTCHER LLP
Chicago, IL  60654                  1050 Connecticut Avenue, N.W.
(312) 862-2000                      Washington, D.C.  20036
                                    (202) 955-8500

Jeffrey Bossert Clark
Steven A. Myers                     George H. Brown
KIRKLAND & ELLIS LLP                GIBSON, DUNN & CRUTCHER LLP
655 Fifteenth Street, N.W.          1881 Page Mill Road
Washington, D.C.  20005             Palo Alto, CA  94304
(202) 879-5000                      (650) 849-5339


Daniel A. Cantor                    S. Gene Fendler
Andrew T. Karron                    Don K. Haycraft
ARNOLD & PORTER LLP                 R. Keith Jarrett
555 Twelfth Street, N.W.            LISKOW & LEWIS
Washington, D.C.  20004             701 Poydras Street, Suite 5000
(202) 942-5000                      New Orleans, LA  70139
                                    (504) 581-7979

Jeffrey Lennard
DENTONS LLP                         Kevin M. Downey
233 South Wacker Drive              F. Lane Heard III
Suite 7800                          WILLIAMS & CONNOLLY LLP
Chicago, IL  60606                  725 Twelfth Street, N.W.
(312) 876-8000                      Washington, D.C.  20005
                                    (202) 434-5000

*Attorneys for BP Exploration & Production Inc.,*
*BP America Production Company, and BP p.l.c.*

**CERTIFICATE OF ELECTRONIC COMPLIANCE**

I hereby certify that on January 21, 2014, this Opposition to Motion to Dismiss Appeal was transmitted to the Clerk of the United States Court of Appeals for the Fifth Circuit through the Court's CM/ECF document filing system, https://ecf.ca5.uscourts.gov.  I further certify that:  (1) required privacy redactions have been made pursuant to this Court's Rule 25.2.13, (2) the electronic submission is an exact copy of the paper document pursuant to this Court's Rule 25.2.1, and (3) the document has been scanned with the most recent version of Microsoft Forefront Endpoint Protection and is free of viruses.

   /s/ Theodore B. Olson
Theodore B. Olson
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 955-8500

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2014, an electronic copy of the foregoing Opposition to Motion to Dismiss Appeal was filed with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit using the appellate CM/ECF system, and that service will be accomplished by the appellate CM/ECF system.

      /s/ Theodore B. Olson
Theodore B. Olson
*Attorney of Record for BP Exploration & Production Inc., BP America Production Company, and BP p.l.c.*